## In the matter of PHILLIP WAKKER.

What is a local or private bill under article three, section sixteen of the State Constitution.

An act relating to justices' courts in any particular locality is not local or private, because it relates to the administration of justice in which all persons are interested, and by which all may be affected.

An act dividing the civil and criminal jurisdiction of justices of the peace, and increasing their jurisdiction, though intended to operate in one county alone, is not a local act within the Constitution.

ON the 30th of March, 1848, the legislature passed an act entitled "An act in relation to justices' and police courts in the city of New York," by which the city was divided into six judicial districts, in each of which was to be elected a police justice and a justice for civil business.

Elections were held on the first Tuesday in May following, and a warrant was issued by one of the police justices then elected, for the arrest of Wakker for a misdemeanor, and his commitment to jail until he gave bail for his appearance to answer the complaint.

Wakker then sued out a habeas corpus, and, on being brought before the judge, he claimed through his counsel that the warrant of commitment was void, because the act under which the police justice was elected was unconstitutional.

*L. B. Shephard,* for the prisoner, insisted that the act was in violation of that provision of the Constitution which enacts that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." (Art. III. § 16.) That this was a local act, that it embraced four different subjects, viz.: justices' courts, police courts, marine court, and certain special powers, extending the jurisdiction of justices' courts to cases not before cognizable there, and that the title of the act did not express the subjects embraced in it. He cited 2 R. S. 420, § 18, 422, § 28; 1 Story on the Const. §§ 401, 451; 1 Kent's Com. 462; *Walker* v. *Harris,* 20 Wend. 555; 3 Bl. Com. 294.

*D. Graham, D. D. Field, and C. O'Conor, contra,* insisted that the act being directory only, and not mandatory, it was not competent for the court to declare it unconstitutional; that the act was not a local bill, but general, that it did not embrace more than one subject, and that subject was embraced in the title. They cited *Purdy* v. *The People,* 4 Hill, 397; *People* v. *White,* 24 Wend. 525; 1 J. J. Marsh, 206; *People* v. *Morris,* 13 Wend. 325; *Sacket* v. *Andrews,* 5 Hill, 340; 6 How. Miss. R. 625.

*Edmonds, J.:* I am of opinion that this is a public and not a private or local act. Public acts are those which relate to the public at large. Private relate only to certain individuals

or particular classes of men. (Dwarris, 629; 1 Kent, 459.) Statutes are general or special, public or private. Special or private acts operate only on particular persons and private concerns (1 Bl. Com. 86); and Blackstone, to illustrate his definition, puts the case of a law to prevent spiritual persons from making certain leases, which is a public law, but the act to enable the Bishop of Chester to make such a lease is private or special, because it concerns only the parties and the bishop's successors.

This act is not confined to certain individuals or particular classes of men, and does not operate on particular persons and private concerns. It relates to the administration of justice, both civil and criminal, in which all have an equal interest, and its provisions relate to all classes and members of the community, as much so as any law relating to the administration of justice in any of the superior tribunals of the State.

The sixteenth section of the third article of the Constitution does not then affect this statute. Even if it did, I do not discover in it any departure from its requirements. The subject of the act is the justices' courts of this city and county. That which in the country towns of the State is combined in a single magistrate, a justice of the peace, is here divided into three parts, for convenience sake, the Marine Court, the police justices' and justices, but the three together constitute one subject, namely, the administration of justice in this well known inferior tribunal of a justice's court.

And the title is particulary expressive of the object of the statute. It relates to "justices' and police courts," and embraces all of that kind of tribunal we have in this city and county. The Marine Court is emphatically a justice's court, and without other words would be comprehended in any statute relating to them.

The court must be exceedingly hypercritical and anxious for cause of offense, if it could hold otherwise.

The warrant under which the prisoner is held is a valid one, and he must be remanded.